**SO ORDERED.**

**SIGNED March 26, 2013.**

ROBERT SUMMERHAYS
UNITED STATES BANKRUPTCY JUDGE

---

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF LOUISIANA

IN RE:

BRIAN RUSSELL PETRY                     CASE NO. 12-51016

    Debtor                              Chapter 7

---
### MEMORANDUM RULING
---

On August 13, 2012, Brian Petry filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code. The United States Trustee has filed a Motion to Dismiss Case asserting that the case should be dismissed pursuant to Sections 707(b)(2) and (b)(3). The issue in dispute is the allowance of certain expenses contained within the Debtor's means test on official form B22A ("Means Test"). The US Trustee takes issue with the following two expense deductions claimed by the Debtor: (1) on line 17a, the Debtor takes a deduction of $1,160 for house note as a marital adjustment; and (2) on line 20b, Debtor takes a deduction of $1,143 for local

standards: housing and utilities: mortgage/rent expense. The US Trustee argues that the Debtor is essentially taking the mortgage expense twice. The Debtor claims that the deduction on line 17a was taken because the family home is owned exclusively by Debtor's non-filing spouse and she pays the house note herself. Debtor then asserts that the deduction on line 20b was taken because the Debtor pays his spouse a portion of the house note since he lives in the house. Debtor claims he took both deductions so as to accurately reflect the expenses in the household.

The Debtor is correct that his spouse pays the mortgage and he is therefore entitled to take the expense claimed on line 17a. The Debtor cannot, however, claim an additional mortgage expense in line 20b (local standard: housing and utilities: mortgage and rent expenses) based on his argument that he makes contributions for the mortgage to his wife. By including mortgage-related amounts on both line 17a ($1,160) and line 20B ($1,143), the Debtor is double counting the mortgage payment for purposes of the Means Test. Moreover, the Debtor's argument that the amount in line 20B includes his contribution for utilities and household expenses does not support the amount he is claiming. The Means Test includes two lines for the general category "Housing and Utilities," namely line 20A for "non-mortgage expenses" and line 20B for "mortgage/rent expenses." The household and utilities expenses cited by the

Debtor fall under "non-mortgage expenses" on line 20A, not "mortgage/rent expenses" on line 20B. The Debtor cannot exceed his allowance for non-mortgage expenses by including additional non-mortgage expenses on line 20B. In sum, the purpose of the Means Test is to accurately reflect the overall expenses of the household. The money paid by the Debtor to his spouse for the house note is not money that leaves the household, it is money that the spouse uses to pay the house note. Allowing both expenses would be allowing the Debtor to claim the same expense twice and is not an accurate depiction of the household expenses. The court therefore agrees with the US Trustee's argument that the expense claimed on line 20B should not be allowed. Disallowing that expense results in a finding that the filing of the chapter 7 case is an abuse pursuant to Sections 707(b)(2) and (b)(3). The court finds that there are grounds to grant the US Trustee's Motion to Dismiss Case. However, the court will give the Debtor an opportunity to voluntarily convert the case to chapter 13.

Debtor is given 20 days from the entry of this Memorandum Ruling to convert to chapter 13. If the case is not converted within 20 days, the US Trustee may submit an Order granting the Motion to Dismiss Case.

**IT IS SO ORDERED.**

###